# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| EMONI JONES, : | |
| : | |
| Plaintiff, : | CASE NO.: _____ |
| : | |
| v. : | |
| : | |
| WAL-MART STORES EAST, LP, : | |
| WALMART, INC., and : | |
| WAL-MART ASSOCIATES, INC. : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff Emoni Jones brings this action against Defendants Walmart Stores East LP, Walmart, Inc., and Wal-Mart Associates, Inc. (collectively, "Defendants").

## INTRODUCTION

Plaintiff Emoni Jones ("Plaintiff" or "Jones") left a full-time job for what she believed to be a better opportunity at the Walmart store in Eastman, Georgia. Shortly after beginning work stocking the grocery department, she learned she was pregnant. Lifting items to stock groceries caused pregnancy complications, so Jones' medical provider gave her a work restriction of no lifting more than 20 pounds for the duration of her pregnancy. Defendants could have allowed Jones to stock lighter items or move to another position and, thereby, keep her job at Walmart. Instead, Defendants refused to accommodate Jones' pregnancy-related

work restriction and ultimately terminated her employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, *et seq.* ("PDA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). This complaint seeks damages and other relief from Defendants due to their discriminatory conduct.

## **PARTIES**

1.

Jones is a female citizen of the United States and lives in Hawkinsville, Pulaski County, Georgia, where she has resided at all times relevant to this suit. She submits herself to the jurisdiction of this Court.

2.

Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. This Defendant may be served by personal service of process upon its registered agent, the Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

Walmart, Inc., which is also known as Wal-Mart Stores, Inc., is a Delaware for-profit corporation with its principal place of business in Bentonville, Arkansas. This Defendant may be served by personal service of process upon its registered agent, the Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

4.

Wal-Mart Associates, Inc., is a Delaware for-profit corporation with its principal place of business in Bentonville, Arkansas. This Defendant may be served by personal service of process upon its registered agent, the Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

6.

Pursuant to 28 U.S.C. § 1391(b) and S.D. Ga. L.R. 2.1(c), the Dublin Division of the Southern District of Georgia is the proper venue for Plaintiff's claims because no Defendant is a resident of such District and a substantial part of the events or omissions occurred in Dodge County, which is within said District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.

All conditions precedent to jurisdiction under the PDA and ADA have been

satisfied.

8.

Jones filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the adverse employment action.

9.

On November 8, 2022, the EEOC issued Plaintiff a Notice of the Right to Sue relating to her charge of discrimination, 410-2022-07801.

10.

Plaintiff brings this suit within ninety days of receipt of her Notice of the Right to Sue.

## STATEMENT OF FACTS

11.

Plaintiff was hired at the Walmart store in Eastman, Georgia, on or about February 24, 2022, and assigned to overnight stocking in the grocery section.

12.

On or about March 22, 2022, Plaintiff learned she was pregnant and informed her supervisor.

13.

Stocking boxes and grocery items in the grocery section required lifting in excess of 20 pounds, which caused Jones to experience pregnancy complications.

14.

Further, lifting more than 20 pounds was difficult as Jones experienced morning sickness and other pregnancy side effects, which were intensified by such lifting.

15.

After reporting the pregnancy complications and her work duties to her medical provider, she was given a light duty restriction of no lifting more than 20 pounds for the duration of her pregnancy.

16.

Jones provided the work restriction to her supervisor on or about April 5, 2022.

17.

Defendants refused to provide the requested accommodation.

18.

Defendants could have accommodated Jones' pregnancy-related lifting restriction within the stocking department by, among other things, having her stock an area of the store with lighter merchandise, such as apparel.

19.

Defendants also could have accommodated Jones' pregnancy-related work restriction by, among other things, moving her to a cashier or other vacant position.

20.

Defendants refused to allow Jones to stock lighter items, work in a different position that did not require lifting in excess of 20 pounds, or otherwise accommodate the referenced restriction.

21.

After Jones requested an accommodation, her supervisor more frequently assigned Jones to stock aisles with heavy grocery products that required her to climb and lift over her head.

22.

Defendants' failure to accommodate Jones' lifting restriction caused her to be absent from work.

23.

Jones was terminated for absences related to pregnancy complications that were caused or exacerbated by Defendants' refusal to accommodate the lifting restriction.

## COUNT ONE

### Pregnancy Discrimination Act: Disparate Treatment

24.

Defendants, through their agents, knowingly, willfully, and intentionally discriminated against Jones by refusing to accommodate her pregnancy-related lifting restriction and, ultimately, by terminating her employment.

25.

Defendants admit that Jones was terminated for at least one absence that occurred as a result of her pregnancy and the complications caused or exacerbated by lifting more than 20 pounds.

26.

Jones' pregnancy was a motivating factor underlying Defendants' action to terminate her employment.

27.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the PDA, Jones was and remains injured in an amount to be proven at trial.

28.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

29.

Defendants are liable to Jones for all damages arising from their violations of her rights under the PDA in an amount to be proven at trial.

## COUNT TWO

## Pregnancy Discrimination Act: Failure to Accommodate

30.

Jones, who was pregnant, requested an accommodation of no lifting more than 20 pounds, which could have been accomplished by moving her to a vacant cashier position or allowing her to stock lighter items, such as those in the apparel department.

31.

Defendants' failure to accommodate Jones' work restriction constitutes discrimination under the PDA.

32.

Because Defendants would not grant Plaintiff a reasonable accommodation, she was terminated and suffered damages in an amount to be proven at trial.

33.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the PDA, Jones was and remains injured in an amount to be proven at trial.

34.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

35.

Defendants are liable to Jones for all damages arising from their violations of her rights under the PDA in an amount to be proven at trial.

## COUNT THREE

### Pregnancy Discrimination Act:  Retaliation

36.

Jones informed her supervisor that she was pregnant and requested an accommodation for her pregnancy-related lifting restriction.

37.

Jones engaged in statutorily protected conduct.

38.

Jones' statutorily protected conduct was a motivating factor for her termination.

39.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the PDA, Jones was and remains injured in an amount to be proven at trial.

40.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

41.

Defendants are liable to Jones for all damages arising from their violations of her rights under the PDA in an amount to be proven at trial.

## COUNT FOUR

## Americans with Disabilities Act:  Disparate Treatment

42.

Jones' pregnancy-related complications rendered her disabled.

43.

While she was pregnant, Defendants regarded Jones as disabled.

44.

Plaintiff's disability actually motivated the decision to terminate her.

45.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the ADA, Jones was and remains injured in an amount to be proven at trial.

46.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

47.

Defendants are liable to Jones for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## COUNT FIVE

### Americans with Disabilities Act:  Failure to Accommodate

48.

Jones, who was a qualified individual with a disability, requested an accommodation of no lifting more than 20 pounds, which could have been accomplished by moving her to a vacant cashier position or allowing her to stock lighter items, such as those in the apparel department.

49.

Defendants' failure to accommodate Jones' work restriction constitutes discrimination under the ADA.

50.

Because Defendants would not grant Plaintiff a reasonable accommodation, she was terminated and suffered damages in an amount to be proven at trial.

51.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the ADA, Jones was and remains injured in an amount to be proven at trial.

52.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

53.

Defendants are liable to Jones for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## COUNT SIX

### Americans with Disabilities Act: Retaliation

54.

Plaintiff informed her supervisor that she was pregnant and requested an accommodation for her pregnancy-related lifting restriction.

55.

Plaintiff was disabled, and Defendants regarded Plaintiff as disabled.

56.

Plaintiff engaged in statutorily protected conduct.

57.

Plaintiff's statutorily protected conduct was a motivating factor for her termination.

58.

As a direct, legal, and proximate result of Defendants' violations of Jones' rights under the ADA, Jones was and remains injured in an amount to be proven at trial.

59.

Defendants' actions were taken with malice or with reckless indifference to Jones' federally protected rights.

60.

Defendants are liable to Jones for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Jones demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendants' actions violated Jones' PDA and ADA rights;

(b) An award of full back pay from the date of the adverse employment action taking into account all raises to which Jones would have been entitled but for Defendants' unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Reinstatement of an award of front pay to compensate Jones for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Jones' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendants for their conduct toward Jones and deter Defendants from similar conduct in the future;

(g) Judgment against Defendants for damages incurred by Jones;

(h) Judgment against Defendants in an amount to fully and adequately compensate Jones;

(i) An award of pre-judgment and post-judgment interest;

(j) A trial by jury on all issues triable to a jury; and

(k) Other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 6th day of February 2023.

                                    LAWSON, REID & DEAN, LLC

By:   /s/ Douglas Harris Dean
       Georgia Bar No. 130988
       Attorney for Plaintiff Emoni Jones
       601 E. 14th Avenue (31015)
       P.O. Box 5005
       Cordele, GA 31010
       (229) 271-9323  Office
       (229) 271-9324  Facsimile
       *douglas.dean@lawsonreidlaw.com*